UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH A. CAMPBELL            JURY TRIAL DEMANDED

v.                             CASE NO. 3:09CV

EXPERIAN INFORMATION SOLUTIONS, INC.
MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY
ACS INC.

## COMPLAINT

1. This is an action against defendants for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the Connecticut Creditors' Collection Practices Act ("CCP") Conn. Gen. Stat. 36a-645 *et seq.*; the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.*,

2. This Court has jurisdiction. 15 U.S.C. §1681p; 28 U.S.C. §1331, §1367.

3. Plaintiff is an individual who has resided in South Windsor Connecticut at all relevant times.

4. The defendant Experian is a consumer reporting agency within the meaning of the Fair Credit Reporting Act.

5. The remaining defendants under the name ACS/MEFA furnished information about plaintiff to Experian and Equifax, commonly known as credit bureaus.

6. ACS/MEFA provided two students loans to plaintiff's daughter, and/or serviced said loans. Plaintiff co-signed the loans.

7. Plaintiff's daughter properly applied for deferments to which she was entitled.

8. ACS/MEFA processed one loan for deferment and overlooked the other one.

9. ACS/MEFA thereafter declared the unprocessed student loan as delinquent and so reported on plaintiff's credit reports.

10. Plaintiff asked ACS/MEFA to correctly process the loan and remove the derogatory information from credit reports.

11. ACS/MEFA refused to change its mistake, and told plaintiff he had to process the request to the credit bureaus.

12. Despite such notice, ACS/MEFA did not report that the account was disputed to any credit bureau.

13. Plaintiff notified defendants and other consumer reporting agencies that the ACS/MEFA account was in error due to ACS/MEFA's failure to process the deferment.

14. Experian and Equifax were required by the FCRA to convey plaintiff's dispute to ACS/MEFA.

15. Upon receipt of information that plaintiff disputed information about the account, ACS/MEFA verified that information to Equifax or Experian, without also reporting that the account was disputed.

16. Defendants had sufficient information to determine, upon reasonable investigation, that the account was erroneously reported as in default.

17. Contemporaneously with plaintiff's dispute to the bureaus, ACS/MEFA's own attorney raised questions about the deferment situation.

18. Defendants acted in reckless disregard of plaintiff's statutory rights.

19. Upon information and belief, each defendant violated the FCRA by failing or refusing to comply with the obligation to properly reinvestigate the plaintiff's disputes or delete the ACS/MEFA reporting.

20. Upon information and belief, each defendant acted willfully within the meaning of the FCRA.

21. Each Defendant had at least $200 million in revenue during the calendar year 2008.

22. This action does not constitute a request or authorization for any defendant or its representative to access plaintiff's credit file in existence on or after the date hereof.

23. As a direct and proximate result of each defendant's conduct, the plaintiff suffered actual damage including damage to credit reputation, reduction of credit score, expenses and time lost connected with the effort to correct the credit record, anxiety, embarrassment, frustration, and emotional distress.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including statutory, compensatory and punitive damages;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide, including injunctive relief.

THE PLAINTIFF

BY__/Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

3